UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| GANSHYAMKUMAR SHAMBHUBHAI PATEL (A200240615), <br><br> Petitioner, <br><br> v. <br><br> DAVID HARDIN, in his official capacity as warden of GLADES COUNTY DETENTION CENTER; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and PAMELA BONDI, in her official capacity as ATTORNEY GENERAL OF THE UNITED STATES, <br><br> Respondents. | Case No. 2:25-cv-00870-JES-NPM |

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ganshyamkumar Shambhubhai Patel petitions this Court for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 to compel his release from

custody, as his current civil immigration detention violates the Due Process

Clause of the United States Constitution and the Administrative Procedure Act.

1

## JURISDICTION AND VENUE

1.        This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et. seq.*

2.        This court has subject matter jurisdiction under 28 U.S.C. §§ 2241 and 1331, and Article I, section 9, clause 2 of the United States Constitution.

3.        This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et seq.*, the All Writs Act, 28 U.S.C. § 1651, and the INA, 8 U.S.C. § 1252(e)(2). This Court also has remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.        Venue is proper because Petitioner is in Respondents' custody in Moore Haven, Florida at the Glades County Detention Center pursuant to an intergovernmental service agreement between Respondent United States Immigration and Customs Enforcement ("ICE") with the Glades County Board of County Commissioners. Venue is further proper because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District, where Petitioner is now in Respondent's custody. *See* 28 U.S.C. § 1391(e).

## PARTIES AND BACKGROUND

5.      **Petitioner Ganshyamkumar Shambhubhai Patel** is a native of

India, who entered the United States on or about July 20, 2011 without inspection.

He was then apprehended and detained under INA § 236(a) (8 U.S.C § 1226(a)).

*See* Warrant for Arrest of Alien, attached as **Exhibit 1**. During those proceedings,

he was issued a defective notice to appear ("NTA"), which did not include the

date and time for the hearing. *See* Notice of Hearing, attached as **Exhibit 2**.

Petitioner was released from government custody, and despite providing his

correct address to the Immigration Court and his former immigration attorney,

the NTA was returned as undeliverable, and he did not appear at his section

236(a) hearing. The Immigration Court in Houston, Texas issued an order

removing Petitioner in absentia on or about October 17, 2012. Petitioner

remained in the United States.

6.      Petitioner, who suffers from a physical disability, later became

the victim of a violent crime in the United States. As a result, on or about July 1,

2019 he filed a petition for a U Visa, which is pending with U.S. Citizenship and

Immigration Services ("USCIS"). On or about November 9, 2023, USCIS issued

correspondence to Petitioner in which it informed him that it could not grant him

U-1 nonimmigrant status, as the statutory cap had been met for that year, but that "the evidence demonstrate[d that his] petition for U nonimmigrant status is bona fide" and Petitioner was warranted "a favorable exercise of discretion to receive employment authorization and deferred action." *See* Correspondence from USCIS, attached as **Exhibit 3**. After receiving employment authorization, Petitioner began to operate a retail business in Florida. He has no criminal history.

7.      On or about July 31, 2025 Petitioner was arrested by ICE at his retail business. He was detained at the Krome Processing Center in Miami-Dade County but has since been relocated to the Glades County Detention Center.

8.      Following his immigration arrest, Petitioner, through counsel, moved to reopen his immigration proceedings at the Houston Immigration Court. Those proceedings were reopened and his order of removal in absentia was vacated.

9.      On September 7, 2025, Petitioner's counsel sought a motion for a bond under 8 C.F.R. § 1236 with the Krome Immigration Court. During that hearing, government counsel argued that Petitioner was ineligible for a bond based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), wherein the

4

Board of Immigration Appeals ("BIA") held on September 5, 2025 that

noncitizens present in the United States without admission are "seeking

admission" under 8 U.S.C. § 1225(b)(2)(A) and must be detained. The

immigration judge ("IJ") denied Petitioner's request for a bond, concluding it

lacked jurisdiction to render a determination based on *Matter of Yajure Hurtado*

because Petitioner entered the United States without inspection in 2011.[1] *See* IJ

Detention Order, attached as **Exhibit 4**.

10.     Thus, Petitioner is "in custody" for the purpose of 28 U.S.C. §

2241 because Petitioner is arrested and detained by Respondents.

11.     **Respondent David Hardin** is the Sheriff of Glades County,

Florida and the warden of the Glades County Detention Center, where Petitioner

is located pursuant to an intergovernmental services agreement with ICE.

Respondent Hardin is a legal custodian of Petitioner and he is sued in his official

capacity.

12.     **Respondent U.S. Immigration Customs Enforcement** is the

federal agency responsible for custody decisions relating to noncitizens charged

---

[1] While the IJ determined the court lacked jurisdiction to make a bond determination for Petitioner, the IJ also included in the order that Petitioner failed to appear at his 2012 hearing and was living under an order of removal for 13 years in the United States and failed to provide an original identification document. *See* Ex. 4.

with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

13.    **Respondent U.S. Department of Homeland Security** is the federal agency that has authority over the actions of ICE.

14.    **Respondent Pamela Bondi** is the Attorney General of the United States and the senior official of the U.S. Department of Justice. She is sued in her official capacity. In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review, which administers the immigration courts and the BIA.  Respondent Bondi is responsible for decisions relating to noncitizens charged with being removable from the United States, including the arrest, detention, and custody status of noncitizens. Therefore, she is also Petitioner's legal custodian.

## LEGAL FRAMEWORK

15.    District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525

6

(2004) (citing U.S. Const. Art. I, § 9, cl. 2); *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973) ("The essence of habeas corpus is an attack by a person in custody upon

the legality of that custody, and ... the traditional function of the writ is to secure

release from illegal custody.").

16.    A district court's power includes jurisdiction to hear habeas

challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687

(2001). Indeed, noncitizens in immigration proceedings are entitled to Due

Process under the Fifth Amendment of the U.S. Constitution. *Reno v. Flores*, 507

U.S. 292, 306 (1993).

### A. Petitioner is Not Being Detained Under 8 U.S.C § 1225(b)(2)

17.    The immigration court concluded, based on the government's

arguments at the bond hearing, that Petitioner must be mandatorily detained

under the INA as set forth in *Matter of Yajure Hurtado*, in which the BIA

concluded ICE could treat undocumented immigrants already present in the

United States as arriving aliens subject to mandatory detention under 8 U.S.C. §

1225. The IJ relied on *Hurtado* to determine that Petitioner was ineligible for bond

based on his arrival without inspection in 2011. There the BIA concluded that

noncitizens "who have been residing in the United States for years without

lawful status" are considered "applicants for admission" and are thus subject to the mandatory detention provision in INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A) "for the duration of the immigration proceedings[.]" *Hurtado*, 29 I&N Dec. at 220.

18.     But section 1225(b)(2) does not apply to Petitioner as he is not a recent arrival nor is he seeking admission. His continued detention under section 1225(b)(2) is therefore unlawful. Instead, as a noncitizen who previously entered the United States and lived here for more than a decade before his arrest by ICE, section 1226(a) governs his detention. Indeed, he was arrested in 2011 under INA section 236(a) (8 U.S.C. § 1226(a). That order of removal was vacated and removal proceedings there have resumed. How can the government both continue removal proceedings from 2011 under INA section 236(a)/1226(a) but also argue that section 1225(b)(2) applies to Petitioner. It cannot.

19.     Under section 1225(b)(2), "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2) (emphasis added). By contrast, a noncitizen arrested on a warrant issued by the Attorney General "*may*" be detained but is also eligible for release on bond. 8 U.S.C § 1226(a) (emphasis

8

supplied). "Courts have repeatedly held that § 1225 applies to arriving aliens, while § 1226 governs detention of 'aliens already in the country.'" *Palma v. Trump*, 2025 WL 2624385, at *2 (D. Neb. Sept. 11, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 281 (2018)). As the Court in *Palma* noted, "[t]he BIA's decision in *Hurtado* represents a stark departure from that approach." *Palma*, 2025 WL 2624385, at *2.

20.    The IJ's decision based on *Hurtado* is not dispositive. *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 179 (S.D.N.Y. 2009) ("While the Immigration and Nationality Act ... precludes review of the 'Attorney General's discretionary judgment' with regard to 'detention or release of any alien or the grant, revocation, or denial of bond or parole,' 8 U.S.C. § 1226(e), the United States Supreme Court rejected the contention that § 1226(e) deprives courts of jurisdiction to consider challenges to the interpretation of the mandatory detention statute.") (citing *Demore v. Kim*, 538 U.S. 510, 517, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003)). Courts have independent judgment in determining whether an agency has acted within its statutory authority. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024).

21.     Indeed, as other courts have concluded since *Hurtado*, "[t]he text of Sections 1225 and 1226, together with binding Supreme Court precedent interpreting those provisions […] confirm that [the petitioner] is subject to Section 1226(a)'s discretionary detention scheme." *Sampiao v. Hyde*, <u>2025 WL 2607924</u>, at *8 (D. Mass. Sept. 9, 2025) (granting habeas relief to a noncitizen who was arbitrarily detained following three years of release on an order of recognizance). Here, Petitioner has resided in the United States since 2011, has obtained work authorization and USCIS determined that his U Visa application was "bona fide." To determine that he is *seeking admission* after living in the United States and operating a business with authorization from USCIS is nonsensical, contrary to the plain meaning of the statutes, contrary to the basis for ongoing removal proceedings after vacatur of the order of removal, and the Court should disregard the *Hurtado* decision as contrary to the INA and federal law.

22.     As such, under section 1226(a), this Court has the authority to review Petitioner's request for habeas relief and release from immigration detention, or in the alternative to mandate a bond redetermination under section 236(a)/1226(a) as opposed to section 235/1225.

### B. Petitioner Should Not Await Further Determination by the BIA

23.      Because Petitioner is detained subject to section 1226(a), not section 1225(b)(2), the Court should, in the event it is raised by Respondents, find that exhaustion is not required here. Because BIA has adopted a policy that deprives Petitioner of jurisdiction to seek a bond from immigration detention, further review of the IJ's decision invoking *Hurtado* will be futile. *Vazquez v. Feeley*, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) ("Because, as discussed below, this Court finds the BIA has adopted a policy [in *Hurtado*] that likely violates federal law, awaiting the BIA's decision regarding Petitioner is futile.").

24.      Further, while the IJ raised additional grounds in the detention determination after concluding that the immigration court lacked jurisdiction, an appeal to the BIA on those issues will not help Petitioner, as the BIA's recent decision in *Hurtado* forecloses any challenge to any discretionary bases to deny bond or detain. Indeed, the immigration court expressly found that it lacked jurisdiction in Petitioner's case to consider discretionary bases for bond or release, given the BIA's decision in *Hurtado*.

## COUNT I
## Violation of Fifth Amendment Right to Due Process
## (against all Respondents)

25.     Petitioner re-incorporates and re-alleges paragraphs 1-24 above as

if fully set forth herein.

26.     "[T]he Due Process Clause applies to all 'persons' within the

United States, including aliens, whether their presence here is lawful, unlawful,

temporary, or permanent." *Zadvydas,* 533 U.S. at 693. While certain constitutional

protections do not extend outside the "geographic borders" of the United States,

"legal circumstances change" as soon as a noncitizen "enters the country." *Id.; see*

*also A.A.R.P. v. Trump,* 605 U.S. 91, 94 (2025) ("'[T]he Fifth Amendment entitles

aliens to due process of law in the context of removal proceedings.'") (quoting

*Trump v. J.G.G.,* 145 S. Ct. 1003, 1006 (2025) (per curiam)).

27.     To determine whether civil detention violates a detainee's due

process rights, courts apply the three-part test in *Mathews v. Eldridge,* 424 U.S. 319

(1976). Under *Mathews,* courts consider (1) the private interest that will be

affected by the official action; (2) the risk of an erroneous deprivation of such

interest through the procedures used, and the probable value, if any, of

additional or substitute procedural safeguards; and (3) the Government's

interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See id.* at 335.

28.    Here, all three factors favor Petitioner. He has a significant private interest at stake. *Hamdi v. Rumsfeld*, <u>542 U.S. 507, 529</u> (2004) (freedom from physical detention is "the most elemental of liberty interests"); *see also Zadvydas*, <u>533 U.S. at 690</u> ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). The petitioner is experiencing all the deprivations that come with physical detention, including separation from his family and the inability to work to support his family. Next, there is a large risk of the erroneous deprivation of Petitioner's liberty interest through the procedures used in the immigration court proceedings, particularly with the order of removal vacated, and Petitioner's credible U Visa application. There are also alternative procedures, such as a cash bond, turn over of his passport, and other measures that might mitigate against the risk of flight. Finally, to the extent there is any government interest in detention, it is minimal compared with Petitioner's liberty interest.

29.      Here, Respondents have chosen to detain Petitioner under the wrong statute and in an arbitrary manner not based on a rational and individualized determination of whether he is a safety or flight risk, in violation of due process. Because section 1225 does not apply, Respondents' detention of him violates the Fifth Amendment.

## COUNT II
**Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A)**
**(against all Respondents)**

30.      Petitioner re-incorporates and re-alleges paragraphs 1-24 above as if fully set forth herein.

31.      Under the APA, a court "shall . . . hold unlawful . . . agency action" that is "not in accordance with law;" "contrary to constitutional right;" "in excess of statutory jurisdiction, authority, or limitations;" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A)-(D).

32.      Congress has made it clear that mandatory detention under 8 U.S.C. § 1225(b) applies to "applicant[s] for admission" who are determined to be "seeking admission." By contrast, Congress permits other noncitizens who are arrested on a warrant issued by the Attorney General to be detained (using the language "may") but those noncitizens are also eligible for release on bond. 8 U.S.C § 1226(a).

14

33.    Courts have interpreted section 1225 to apply to arriving

noncitizens, while section 1226 applies to noncitizens already in the United

States.

34.    Petitioner entered the United States in 2011 and was arrested

under INA section 236(a) (8 U.S.C § 1226(a)). He applied for a U Visa that was

determined to be "bona fide" almost a decade later, all while residing in the

United States. He was detained by ICE this summer. The government contends

Petitioner is an applicant for admission to which section 1225 applies. The IJ at

the immigration hearing determined the court lacked jurisdiction to determine

whether Petitioner was eligible for bond because of the section 1225 bar.

35.    Respondents' determination that Petitioner is "seeking

admission" under section 1225(b)(2) was arbitrary, capricious, an abuse of

discretion, and not otherwise in accordance with law. 5 U.S.C. § 706(2)(A).

Indeed, "ICE, like any agency, 'has the duty to follow its own federal

regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting

*Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)).

36.    Because Petitioner is not subject to mandatory detention,

Respondents' determination was unlawful.

## **PRAYER FOR RELIEF**

Petitioner Ganshyamkumar Shambhubhai Patel respectfully requests that

the Court:

A. Retain jurisdiction over this action;

B. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days pursuant to 28 U.S.C. § 2243;

C. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

D. Declare that Petitioner's detention violates the Administrative Procedure Act;

E. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody or in the alternative provide a bond hearing under section 236(a);

F. Issue an Order prohibiting the Respondents from transferring Petitioner from the district without the Court's approval;

G. Award Petitioner attorneys' fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

H. Grant all other relief that the Court deems just and proper.

Dated: October 1, 2025

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (404) 458-7283

Lucy Lu (*pro hac vice* forthcoming)
aiLegal Law
3400 Peachtree Road N.E., Suite 1100
Atlanta, Georgia 30326
info@ailegallaw.com
Tel. (404) 343-7166

*Attorneys for Petitioner Ganshyamkumar Patel*

| U.S. Department of Homeland Security | **Warrant for Arrest of Alien** |
|---|---|

FINS #: 1062250557

File No. **A200 240 615**
Event No: **HPC1211000671**
Date: **November 16, 2011**

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Ghanshyam PATEL
_____
(Full name of alien)

an alien who entered the United States at or near ___Unknown Place_____ on

(Port)

___Unknown Date_____ is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of Designated Immigration Officer)

Supervisory Detention & Deportation Officer
_____
(Print name of Designated Immigration Officer)

SDDO
_____
(Title)

---

**Certificate of Service**

Served by me at HOUSTON, TEXAS _____ on November 16, 2011 ____ at 12:00 AM _____

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____
NELSON CINTRON
(Signature of officer serving warrant)

Immigration Enforcement Agent
_____
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07)

9

000060

U.S. Department of Homeland Security

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID:340738592    FINS #:1062250557    File No: A200 240 615

DOB: 08/02/1978    Event No:FLF1108000275

In the Matter of:

                                                                                      currently residing at:

Respondent:  GHANSHYAM PATEL

HOUSTON SERVICE PROCESSING CENTER *15850 EXPORT PLAZA DR HOUSTON TX 77032*    281 449 1481
                        (Number, street, city and ZIP code)                  (Area code and phone number)

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1.  You are not a citizen or national of the United States;
2.  You are a native of INDIA and a citizen of INDIA ;
3.  You arrived in the United States at or near HIDALGO, TEXAS, on or about July 20, 2011;
4.  You were not then admitted or paroled after inspection by an Immigration Officer.

EXHIBIT # 1

OCT 17 2012

CLAREASE RANKIN

IMMIGRATION JUDGE

US DEPARTMENT OF JUSTICE
RECEIVED
11 NOV 18 PH 3:30
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
IMMIGRATION COURT
HOUSTON, TX

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐8CFR 208.30(f)(2)  ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

*5520 GREENS RD   HOUSTON   TX   77032*
                (Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ .o show why you should not be removed from the United States based on the
        (Date)              (Time)

charge(s) set forth above.    STACEY R. LEAL    ACTING FIELD OPERATION SUPERVISOR
                                              (Signature and Title of Issuing Officer)

Date: August 22, 2011    Falfurrias, Texas
                                              (City and State)

See reverse for important information    Form I-862 (Rev. 08/01/07) N

6

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____    x  *Ghanshyam.*
                                          *(Signature of Respondent)*

_____  BPA
*(Signature and Title of Immigration Officer)*                    Date: _05-22-11_

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on __August 22, 2011__, in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[x] in person       [ ] by certified mail, returned receipt requested       [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[ ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____GUJARATI_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x  *Ghanshyam.*                              JESUS CARRANZA        BORDER PATROL AGENT
*(Signature of Respondent if Personally Served)*              _____
                                             *(Signature and Title of officer)*

Form I-862 Page 2 (Rev. 08/01/07) N

7

000059



November 9, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001



**U.S. Citizenship
and Immigration
Services**

BHAVYA CHAUDHARY
BHAVYA CHAUDHARY ASSOCIATES
700 HOLCOMB BRIDGE RD
NORCROSS, GA 30071



EAC1922650873

RE: GHANSHYAMKUMAR SHAMBHUBHAI
PATEL
I-918, Petition for U Nonimmigrant Status



A200-240-615

### CORRESPONDENCE

On July 1, 2019, you submitted a Form I-918, Petition for U Nonimmigrant Status. As the statutory cap for U-1 nonimmigrant status has been reached for this fiscal year, U.S. Citizenship and Immigration Services (USCIS) may not grant U-1 nonimmigrant status to any petitioner until new visas become available. Under 8 U.S.C. 1184(p)(6) and 1103(a), the Department of Homeland Security (DHS) may conduct a bona fide determination, and if warranted as a matter of discretion, provide employment authorization and deferred action.

At this time, the evidence demonstrates your petition for U nonimmigrant status is bona fide, and you warrant a favorable exercise of discretion to receive employment authorization and deferred action. Because USCIS has determined your petition is bona fide and you warrant a favorable exercise of discretion, you will be issued an employment authorization document and have been placed in deferred action. Your employment authorization document and grant of deferred action are valid for a period of four years. Deferred action is an act of administrative convenience to the government which gives some cases lower priority for removal.

Under 8 U.S.C. 1184(p)(6), if USCIS determines your petition is bona fide, you may submit a Form I-765, Application for Employment Authorization with this office. USCIS grants employment authorization based on the bona fide determination and favorable exercise of discretion described above under 8 U.S.C. 1184(p)(6), as well as under 8 CFR 274a.12(c)(14), which gives the agency the authority to provide employment authorization to noncitizens placed in deferred action. On July 23, 2021, you filed a Form I-765, EAC2129550996, under 8 CFR, section 274a.12(c)(14). This Form I-765 is based on your pending Form I-918, which USCIS has determined is bona fide. Please be aware that your currently filed Form I-765 will be adjudicated as if it were filed under 8 CFR, section 274a.12(c)(14). You will receive separate correspondence regarding the adjudication of your Form I-765.

Priority for the issuance of U nonimmigrant status will be determined by the date the Form I-918 was received by USCIS. Once a visa is available to you, USCIS will determine your eligibility for U nonimmigrant status and whether you are admissible to the United States.

If you are represented by an attorney, all further correspondence should be accompanied by Form

RECEIVED
NOV 1 3 2023

**17**

G-28, Notice of Entry of Appearance as Attorney or Accredited Representative.

This notice does not constitute valid U nonimmigrant status or employment authorization, and may not be used to demonstrate legal immigration or employment status.

Sincerely,

*Laura Zuchowski*

Laura B. Zuchowski
Director



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**MIAMI KROME IMMIGRATION COURT**

Respondent Name:

    PATEL, GANSHYAMKUMAR

To:

    Lu, Lucy Xiaoyun
    3400 Peachtree Road NE
    Suite 1100
    Atlanta, GA 30326

A-Number:
200-240-615
Riders:
In Custody Redetermination Proceedings

Date:
09/18/2025

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
    Respondent entered the United States EWI approximately July 20, 2011 at the age of
    33. See Exhibit 1 - no juris Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).
    Respondent failed to appear at a prior hearing in Houston, TX in October 12, 2012,
    and has been living in the US for 13 years under a final order of removal. Lastly,
    Respondent has failed to provide an original ID document.

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☐ Other:

*Stuart A Siegel*

Immigration Judge: Stuart A. Siegel 09/18/2025

Appeal:     Department of Homeland Security: ☑ waived    ☐ reserved
            Respondent:                       ☐ waived    ☑ reserved
Appeal Due: 10/20/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ P ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : PATEL, GANSHYAMKUMAR | A-Number : 200-240-615

Riders:

Date: 09/18/2025 By: SCOTT, MARILYN, Court Staff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GANSHYAMKUMAR
SHAMBHUBHAI PATEL
(A200240615),

      Petitioner,

v.

CHARLES PARRA, *et al.*,

      Respondents.

Case No. 2:25-cv-00870-JES-NPM

## [PROPOSED] ORDER TO SHOW CAUSE

Upon consideration of Petitioner's Amended Petition for Writ of Habeas Corpus challenging the statutory basis for his immigration detention at the Glades County Detention Center in Moore Haven, Florida, and pursuant to 28 U.S.C. § 2243,

IT IS HEREBY ORDERED that:

1.    Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

2.    On or before _____, Respondents shall file a

memorandum of fact and law to show cause why the Petition should not be

granted and shall file all documents and transcripts necessary for resolution of

the Petition.  *See* 28 U.S.C. § 2243 (requiring that a response to an order to show

cause "shall be returned within three days unless for good cause additional time,

not exceeding twenty days, is allowed").

3.    Respondents are enjoined from moving Petitioner from the Middle

District of Florida absent further order from this Court.

DONE AND ORDERED in Fort Myers, Florida, this _____ day of

October 2025.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE