```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

GANSHYAMKUMAR SHAMBHUBHAI
PATEL,

        Petitioner,

    v.                             Case No. 2:25-cv-870-JES-NPM

DAVID HARDIN, et al.,

        Respondents,
_____/
```

**ORDER**

The parties jointly request an order extending the time for Patel to seek attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 24). The parties note that this Court granted partial relief on Patel's habeas petition on December 1, 2025, and final judgment was entered on December 2, 2025. (Doc. 24 at 2). They further note that under the EAJA, they have 30 days from final judgment to seek relief, but the Middle District of Florida's Local Rules require the parties to move for fees and expenses within fourteen days after entry of judgment. (Id.) They ask for an extension, through February 13, 2026, to move for fees and expenses. (Id.)

The EAJA gives the Court discretion to require a defendant to pay a plaintiff's attorney's fees when the plaintiff is the prevailing party. 28 U.S.C. § 2412(a). An application for expenses under the EAJA must be filed within thirty days of "final

judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment for purposes of the EAJA must be "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, there is not yet a final judgment in this case because the thirty-day period for an applicant to file for fees under the EAJA begins to run "after the time to appeal that 'final judgment' has expired." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Respondents' deadline to appeal is 60 days from December 2, 2025. See Fed. R. App. P. 4(a)(1)(B). And because the thirty-day period begins to run on February 2, 2026, Patel does not need an extension of time to seek fees under the EAJA if he intends to file an EAJA motion by February 13, 2026.

Local Rule 7.01 lays out the procedures for seeking attorney's fees and expenses in the Middle District of Florida. The Rule provides a bifurcated procedure for a party seeking post-judgment attorney's fees and related non-taxable expenses and requires "the party claiming fees and expenses" to "request a determination of entitlement" within fourteen days after entry of judgment. L.R. 7.01(b). In light of the circumstances presented here, the Court will invoke its authority under Local Rule 1.01(b) and decline to enforce Local Rule 7.01's bifurcation requirement in this case. M.D. Fla. R. 1.01(b). Courts in the Middle District have adopted the same approach with respect to other EAJA fee petitions. See e.g., Abadia v. Saul, 2021 WL 2784320, at *1-2 (M.D. Fla. July 2,

2

2021) (electing not to enforce Local Rule 7.01's bifurcation requirement in ruling on an unopposed EAJA fee petition).[1]

Thus, Patel may file a motion for fees or a motion for fees and costs as a single motion requesting a determination of both entitlement and amount within the time period provided under 28 U.S.C. § 2412(d)(1)(B).  In short, the parties' unopposed motion to extend the time for Patel to seek attorneys' fees under the EAJA is **GRANTED** to the extent the relief requested does not conflict with this Order.

**DONE AND ORDERED** in Fort Myers, Florida on December 16, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] On December 7, 2021, Chief Judge Corrigan entered an Order suspending application of the bifurcated process in Local Rule 7.01 for all Social Security cases.  See Standing Order on Management of Social Security Cases, No. 3:21-mc-00001-TJC, Doc. No. 43 at ¶ 6 (M.D. Fla. Dec. 7, 2021).